In re HALLE. See Case No. 5,960.

---

## Case No. 5,957.

### HALLER v. BEALL.

[2 Cranch, C. C. 227.] [1]

Circuit Court, District of Columbia. April Term, 1821.

REPLEVIN—PRACTICE—SURETY—MOTION TO QUASH WRIT AFTER ISSUE JOINED.

1. After issue joined in replevin, it is too late to move to quash the writ.

2. Semble, that the act of Maryland which requires two sureties in replevin bonds is directory only, and that the writ is not void, if there be only one surety.

Mr. Marbury, for defendant, after issue joined, and the jury was about to be sworn, moved the court to quash the writ of replevin, because the clerk had taken the bond with one surety only. The statute of 11 Geo. II. c. 19, § 23, requires two sureties in all cases of replevin of goods distrained for rent; and the act of Maryland of 1790, c. 53, § 12, provides that "before any clerk shall issue a writ of replevin in virtue of this act, the plaintiff or plaintiffs shall enter into bond, with two sufficient sureties, in double the value of the property, to be replevied in the same manner as in other cases of replevin." And such has always been the practice in the courts of Maryland, as well as in this court.

THE COURT said it was now too late to move to quash the writ; and that they were inclined to think that the statute of Maryland was directory only, and that the writ was not void merely on that account. See the case of Orr v. Ingle [Case No. 10,588].

HALLET (ALLEN v.). See Case No. 223.

---

## Case No. 5,958.

### HALLET et al. v. PHOENIX INS. CO.

[2 Wash. C. C. 279.] [2]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

ADMIRALTY — VESSEL NOT HEARD FROM — WHEN PRESUMED TO BE LOST—INTEREST—EVIDENCE OF CUSTOM.

It is a uniform rule, in estimating the loss upon a vessel which has never been heard of, and is therefore considered as lost, to calculate interest after twelve months and thirty days from the last period when the vessel was heard from.

[Appeal from the district court of the United States for the district of Pennsylvania.]

Vessel lost, and never since heard of, on a

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters. Jr., Esq.]

voyage from Curacoa. The question submitted to the court was, from what time interest is to run, and the vessel to be considered as lost? A witness was examined, to prove that it is the uniform and undeviating rule in all cases, even of coasting vessels, to calculate interest twelve months and thirty days from the last time she is heard from. No instance of a case to the contrary was shown, and it was stated to be the custom as to all the offices.

BY THE COURT. Upon this evidence of a uniform usage upon this subject, we shall consider ourselves bound by it, and in this fix the interest to run from twelve months and thirty days, from the last period when the vessel was heard from.

---

HALLETT (BARBER v.). See Case No. 970.

HALLETT (OH CHOW v.). See Case No. 10,-469.

---

## Case No. 5,959.

### HALLETT et al. v. SMYTHE.

[5 Int. Rev. Rec. 69.]

Circuit Court, S. D. New York. 1867.

CUSTOMS DUTIES—CLASSIFICATION—GAMBIA.

Gambia is exempt from duty under the tariff act of 1861 [(12 Stat. 292), under the name of "terra japonica," the two names being synonymous].

Before SMALLEY, District Judge.

This is an action brought [by Henry Hallett and others against Henry A. Smythe] to recover a sum of $913 alleged to have been illegally imposed on an importation of gambia made by the plaintiffs on the bark Fritz & Anton, May, 1866. The importation, gambia, is a designation synonymous with terra japonica in the books. It is a later word than terra japonica, which it appears, however, to have supplanted in commercial phrase, while on the other hand it appears to have been ignored in the tariff, terra japonica only being referred to. The importation in question under the latter designation is exempt from duty, and therefore the imposition of a tax of ten per cent. ad valorem thereon, which was exacted, was paid by the plaintiffs under protest and an appeal made to the secretary of the treasury. The assumed justification for the exaction, and the defence therefore, is based on a decision of the secretary of the treasury, set forth in a circular letter, dated May, 1864, with regard to the proper rate of duty to be assessed on the article known in commerce as gambia. The circular, which is over the signature of the present Chief Justice Chase, states that the article is nowhere designated in any of the tariff acts by name. but has been included under the general term of "terra japonica," a variety of the catechu or cutch. This latter article is lia-